# EXHIBIT A

# Complaint

# EXHIBIT A

Electronically Filed
9/15/2020 5:25 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
2  BURKE HUBER, ESQ.
   Nevada Bar No. 10902
3  **RICHARD HARRIS LAW FIRM**
   801 South Fourth Street
4  Las Vegas, Nevada 89101
5  Phone: (702) 444-4444
   Fax: (702) 444-4455
6  E-Mail: Burke@RichardHarrisLaw.com
   *Attorneys for Plaintiff*

CASE NO: A-20-821248-C
Department 8

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| PENNIE BROWN, | CASE NO: |
| Plaintiff, | DEPT NO.: |
| vs. | |
| SOUTHWEST GAS CORPORATION, a foreign corporation; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally, | |
| Defendants. | |

**COMPLAINT**

COMES NOW, Plaintiff, PENNIE BROWN, by and through their counsel, BURKE HUBER, ESQ. of the RICHARD HARRIS LAW FIRM, and for her causes of action against Defendants, complains and alleges as follows:

**JURISDICTION**

1

1. At all times relevant, Plaintiff, PENNIE BROWN ("Plaintiff"), was and is a resident of Clark County, State of Nevada.

2. At all times relevant, Defendant SOUTHWEST GAS CORPORATION ("Defendant") was an is a foreign corporation that conducts business in Nevada and is subject to this Court's jurisdiction.

3. Venue is proper in this judicial district because the complained of conduct occurred in this judicial district.

4. The true names and capacities of the Defendants designated herein as Doe or Roe individuals, political subdivisions or corporations are presently unknown to Plaintiff at this time, who therefore sue said Defendants by such fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

5. That at all times pertinent, Doe and Roe Defendants were agents, servants, employees or joint venturers of Defendant and one another, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

6. Plaintiff is informed and believes, and thereon alleges, that each of the Dor and Roe Defendants were the agents, employees and representatives of the other Defendants and in doing the things hereinafter alleged were in part, acting within the scope and authority of such relationship, and in part, acting outside the scope and authority of such relationship, and as such each is responsible and liable in some manner for the occurrences herein alleged and were approximate cause of Plaintiff's damages as herein alleged.

7. At all times relevant, Plaintiff was employed by Defendant

### VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT

8. Plaintiff is African American, and a member of a protected class protected under Title VII of the Civil Rights Act.

9. On or around July 24, 2017, Plaintiff was hired by Defendant.

10. Beginning in July of 2017, Plaintiff endured racially hostile comments from coworkers and disparate treatment by managers and supervisors that lasted until she was terminated.

11. Plaintiff noticed that other African American employees were enduring the same harsh treatment.

12. Plaintiff noticed that African American employees were disciplined for certain conduct while non-African American employees were not disciplined for the same conduct.

13. Plaintiff noticed that African American employees were being terminated while non-African American employees enjoyed protection from termination.

14. Defendant's hostile treatment of African American's was severe and pervasive.

15. Plaintiff complained about disparate treatment and overall racism to human resources.

16. Shortly after complaining to human resources, Plaintiff was placed on a PIP plan and then later fired on November 21, 2019.

17. On December 20, 2019, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

18. On August 10, 2020, the EEOC issued Plaintiff a right to sue letter. (Attached as Exhibit 1).

19. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages which include but are not limited to the following: (1) lost wages; (2) lost benefits; (3) lost pension benefits, (4) emotional distress; (5) mental anguish; and (6) a worsening of Plaintiff's medical condition.

**FIRST CLAIM FOR RELIEF**
**(Plaintiff's Cause of Action for Violation of the Title VII - Discrimination)**

20. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and based upon information and belief alleges as follows.

3

21. Defendant allowed supervisors and coworkers to create a hostile environment because it ignored racial slurs and discriminatory conduct.

22. Defendant fostered a racially hostile environment when it allowed Caucasian employees to be treated much more favorably in comparison to African American employees.

23. Defendant created a racially hostile environment when it allowed Caucasian employees to make racist jokes, utter racial slurs, and to avoid the discipline for racist conduct.

24. Defendant created a racially hostile environment when it allowed Caucasian employees to make mistakes that it did not allow African American employees to make.

25. Defendant treated non-African American employees more favorably and this resulted in African American employees being disciplined and eventually terminated at a disproportionate rate.

26. Defendant had a duty to provide a reasonable accommodation to the disabled.

27. Plaintiff notified Defendant of her disabilities and also requested accommodations which were denied.

28. Plaintiff's reasonable requests would have allowed Plaintiff to manage her anxiety, treat her depression and effectively return to work.

29. Defendants treatment constitutes discrimination in violation of Title VII of the Civil Rights Act.

30. Plaintiff is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Plaintiff to recover punitive damages from Defendant in an amount according to proof at trial

31. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages which include but are not limited to the following: (1) lost wages; (2) lost benefits; (3) lost pension benefits, (4) emotional distress; (5) mental anguish; and (6) a worsening of Plaintiff's medical condition.

32. Plaintiff has been damaged in a sum in excess of $15,000.00.

## SECOND CLAIM FOR RELIEF
### (Retaliation)

33. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and based upon information and belief alleges as follows.

34. Plaintiff engaged in an activity protected by Title VII when she complained about the disparate treatment and racism in the Defendant's workplace and committed by Defendant's employees, managers and supervisors.

35. Defendant retaliated against Plaintiff for complaining by placing her on a PIP plan and terminating her employment on or around November 21, 2019.

36. But for Defendants' adverse employment actions, Plaintiff would not have suffered or been subjected to those actions listed in the preceding paragraph.

37. Defendant's retaliation inflicted severe emotional distress, mental anguish and other damages upon Plaintiff.

38. Plaintiff's wage loss, pension benefit losses, seniority losses, vacation/sick pay losses, and Plaintiff's emotional and mental distress losses were a direct and proximate result of Defendant's retaliation.

39. As a direct, foreseeable, and proximate result of Defendant's retaliation, Plaintiff suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

40. As a result of Defendant's retaliation, Plaintiff is entitled to recover attorney's fees and costs.

41. Plaintiff is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Plaintiff to recover punitive damages from Defendant in an amount according to proof at trial

42. Defendant's actions as described herein, retaliation and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.00.

5

## FIFTH CLAIM FOR RELIEF
### (Wrongful Termination)

43. Plaintiff repeats and re-alleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

44. Defendant terminated Plaintiff because of she complained about racism in the workplace.

45. As a direct, foreseeable, and proximate result of Defendant's wrongful termination, Plaintiff suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

46. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Plaintiff to recover punitive damages from Defendants in an amount according to proof at trial.

47. Defendant's actions as described herein, retaliation and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;
2. Special damages to be determined at the time of trial;
3. Any and all Statutory remedies;
4. Punitive damages;
5. Treble damages;
6. Medical and incidental expenses already incurred and to be incurred;

6

7. Lost earnings and earning capacity;

8. Reasonable attorney's fees and costs of suit;

9. Injunctive relief;

10. Declaratory relief;

11. Interest at the statutory rate; and,

12. For such other relief as this Court deems just and proper.

DATED THIS 15th day of September, 2020.

**RICHARD HARRIS LAW FIRM**

*Burke Huber*

_____
BURKE HUBER, ESQ.
Nevada Bar No. 10902
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

7



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Las Vegas Local Office**

333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV 89101
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Las Vegas Direct Dial: (702) 388-5013
FAX (702) 388-5094
Website: www.eeoc.gov

A final determination has been made regarding your charge of discrimination. Enclosed is your Notice of Dismissal and Right to Sue, which gives you the ability to further pursue your claim in federal court within the time frame indicated. It should be noted that the issuance of the Dismissal and Notice of Right to Sue was delayed due to current circumstances regarding COVID-19.

If a private lawsuit is not filed within 90 days of receipt of the Notice of Dismissal, the right to sue for the charge will be lost and cannot be restored by the EEOC. If you wish to obtain a copy of your file, you can request it online through the FOIAXpress Public Access Link (PAL) at https://publicportalfoiapal.eeoc.gov. PAL ensures your FOIA request is timely received and allows you to monitor the status of your request. You may also make your request by mail to U.S. EEOC, Records Disclosure Unit, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

We hope this information is helpful to you. Unfortunately, there is nothing further the EEOC can do to assist you with this particular matter. If you have any questions or concerns, please call [702-388-5099].

**Exhibit 1**

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Pennie B. Brown<br>c/o RICHARD HARRIS LAW FIRM<br>ATTN: Burke Huber<br>801 South 4th Street<br>Las Vegas, NV 89101 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-00324 | Juan N. Serrata, Investigator | (702) 388-5058 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Tamara M. West
*Digitally signed by Tamara M. West*
*DN: cn=Tamara M. West, o=EEOC, ou=Director-LVLO, email=tamara.west@eeoc.gov, c=US*
*Date: 2020.08.10 08:16:15 -07'00'*

Enclosures(s)

**Tamara West,**
**Local Office Director**

*(Date Mailed)*

cc: **Meridith Strand**
**Associate General Counsel**
**SOUTHWEST GAS CORP**
**5241 Spring Mountain Road**
**Las Vegas, NV 89150**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*